IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ATUM N. MAMBE, #42714-037 | * | |
| v. | * | CIVIL ACTION NO. WMN-09-3054 |
| WARDEN, FEDERAL CORRECTIONAL INSTITUTION ASHLAND | * | |
| | * | |
| ***  | | |

## MEMORANDUM

Atum N. Mambe ("Mambe"), a U.S. Bureau of Prisons ("BOP") inmate confined at the Federal Correctional Institution at Ashland, Kentucky, filed a letter with the Court dated November 8, 2009, complaining that he was physically assaulted by Unit Manager Brian Sparks, placed in the Special Housing Unit ("SHU") for his own protection, taken off SHU and placed back in the compound, where he has contact with Sparks. Paper No. 1. Mambe claims that Sparks has written him up on false charges (verbal threats) in retaliation for his "previous assault charge against Mr. Sparks."[1] He further alleges that under the BOP point system he should be classified to a BOP "camp" environment, but has not due to his being racially targeted and singled out by Sparks. *Id*. The Court has carefully examined the action and observes that Mambe has not set out his relief request. Nonetheless, because this court-construed civil rights action contains no allegations arising in Maryland and no apparent Defendants residing in Maryland, the Court will, by separate Order, DIRECT the Clerk to transfer the matter to the United States District Court for the Eastern District of Kentucky at Ashland.

---

[1] In his attachments, Mambe also claims that he was falsely charged with lying to staff and using insolent language in September of 2009. Paper No. 1 at Attachments.

**I.      Background**

Mambe raises allegations against BOP administrators and staff at the Federal Correctional Institution at Ashland, Kentucky involving alleged assaults, disciplinary infractions he received in September and November of 2009, and classification issues. As noted, Mambe has set out no particularized relief request.

**II.     Standard of Review**

District courts are required to screen all civil cases brought by inmates. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). In conducting this review courts should examine venue and jurisdiction, identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. The screening is necessary to determine whether defendants should be required to respond to the action.

Pursuant to 28 U.S.C. § 1391(b), a civil action that is not founded solely on "diversity of citizenship" may except as otherwise provided by law be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

**III.    Analysis**

Assuming, *arguendo*, Mambe's allegations state a claim that may be brought in federal court under 28 U.S.C. § 1331, it is clear that this Court lacks venue under § 1391(b). Individuals named in the letter Complaint reside in Kentucky. Further, events giving rise to the alleged unconstitutional

conduct occurred in Kentucky. The Court finds that venue is improper in this district. In the interest of justice, however, this case shall be transferred to the United States District Court for the Eastern District of Kentucky at Ashland, pursuant to 28 U.S.C. § 1406(a).[2]

**IV.     Conclusion**

For the foregoing reasons, the Court will, by separate Order direct the Clerk to transfer the case to the United States District Court for the Eastern District of Kentucky.


Dated this 10th  day of  December, 2009.

/s/

---

William M. Nickerson
Senior United States District Judge

---

[2]     The Court will leave all judicial decisions regarding Complaint sufficiency and fee payment issues with the transferee court.